UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

C.H. Robinson Worldwide, Inc.,

    Plaintiff,

v.

                                                  **MEMORANDUM OPINION AND ORDER**
                                                  Civil No. 19-902 (MJD/DTS)

Traffic Tech, Inc., James
Antobenedetto, Spencer Buckley,
Iman Dadkhah, Wade Dossey,
Miles Maassen and Brian Peacock,

    Defendants.

---

    Joel O'Malley, Katie M. Connolly and Nicole F. Dailo, Nilan Johnson Lewis, PA, Counsel for Plaintiff.

    Pamela Abbate-Dattilo and Lukas S. Boehning, Fredrikson & Byron, P.A., Counsel for Defendants.

---

This matter is before the Court on the Report and Recommendation of Magistrate Judge David Schultz dated April 7, 2020. No objections have been filed within the time period permitted. Instead, on April 17, 2020, Plaintiff C.H. Robinson Worldwide, Inc. filed a motion for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 68)

For the reasons stated below, the Court will adopt the Report and Recommendation in its entirety and deny the motion for voluntary dismissal.

## I. Background

Plaintiff filed this action against six individuals; four of whom are former employees of Plaintiff, two are former employees of Plaintiff's subsidiary, Freightquote.com, Inc. and the current employer of all six individually named plaintiffs, Traffic Tech, Inc. ("Traffic Tech"). In the Complaint, Plaintiff alleges that the individual defendants entered into a number of employment-related contracts, including non-solicitation agreements, arbitration agreements, and bonus agreements, and that the defendants breached those agreements when accepting employment with Traffic Tech.

Plaintiff has asserted six causes of action: Count I, Breach of Contract; Count II, Tortious Interference with Contract; Count III, Tortious Interference with Prospective Economic Advantage; Count IV, Breach of Duty of Confidentiality; Count V, Inducing, Aiding and Abetting Breaches; and Count VI, Conspiracy.

Plaintiff originally brought suit in Minnesota state court. Defendants timely removed the action based on diversity jurisdiction. Defendants filed a

motion to dismiss on April 1, 2019, but before Plaintiff responded to that motion, the parties agreed to stay the motion and engage in limited discovery and mediation. Mediation was not successful, and defendants withdrew the motion to dismiss and filed a motion for partial dismissal on November 27, 2019. This Court referred the motion to the Magistrate Judge for proposed findings of fact and recommendations of law.

In their motion for partial dismissal, defendants claim that Plaintiff is not the real party in interest to bring the asserted claims against the Missouri based defendants, Iman Dadkhah and Miles Maassen, as they were employees of Freightquote.com, Inc., not Plaintiff. As a result, defendants argue Dadkhah and Maassen should be dismissed. Defendants also argue that Counts IV, V and VI fail to state a claim and should be dismissed.

## II.     Report and Recommendation

In the Report and Recommendation, the Magistrate Judge found that Defendants' motion had merit, but rather than dismiss Dadkhah and Maassen outright, the Magistrate Judge recommended that Plaintiff be allowed 30 days in which to join Freightquote.com, Inc. In the event Plaintiff did not join Freightquote.com, the Magistrate Judge recommends that Dadkhah and Maassen

be dismissed from this action as Plaintiff does not have standing to sue them. In making this recommendation, the Magistrate Judge acknowledged that joinder of Freightquote.com would destroy diversity jurisdiction. (R&R at 17-18.)

With respect to the motion to dismiss Counts IV, V and VI, the Magistrate Judge found that Plaintiff's 57 page complaint, with 34 exhibits totaling 130 pages, did not provide a "short and plain statement" of the claims as required by Rule 8 of the Federal Rules of Civil Procedure. The Magistrate Judge recommended the Court grant the motion to dismiss Counts IV, V and VI, and allow Plaintiff to file an amended complaint to re-plead those causes of action "with clarity and brevity." (R&R at 20.)

### III. Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2)

Plaintiff did not file objections to the Report and Recommendation. Plaintiff did, however, file a motion for voluntary dismissal pursuant to Rule 41(a)(2). This Rule provides "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

In its motion, Plaintiff asserts it intends to add as a plaintiff Freightquote.com, Inc., and that doing so will destroy complete diversity with

defendants. Plaintiff requests that the Court grant its motion and dismiss the action without prejudice.

Defendants have opposed the motion. Defendants argue that not only has Plaintiff disregarded the clear directive in the R&R, Plaintiff is also circumventing the established process for cases such as this: Plaintiff must first seek to join the nondiverse party and then move to remand if warranted. Defendants argue that skipping this step infringes on the California defendants and Traffic Tech's right to a federal forum, and it allows Plaintiff to avoid an adverse decision and find a more favorable forum.

A. Standard

When considering a motion for dismissal under Rule 41(a)(2), the Court should consider the following factors:

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants  Likewise, a party is not permitted to dismiss merely to escape and adverse decision nor to seek a more favorable forum.

Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013) (citation omitted).

Plaintiff claims it filed the motion to dismiss because, pursuant to the Report and Recommendation, it must add Freightquote as a plaintiff to avoid

dismissal of the claims against Dadkhah and Maassen and doing so will destroy this Court's subject matter jurisdiction. Further, Plaintiff asserts that granting its motion will not waste judicial resources, as no scheduling conference has taken place, and the only orders that have been issued are with respect to Defendants' motions to compel and to dismiss. Finally, Plaintiff argues Defendants will not be prejudiced if its motion is granted. Any discovery conducted in federal court will be utilized in state court.

This matter has been pending for over one year. Discovery has been exchanged and is ongoing, and dispositive motions have been filed. Under these circumstances, the Court will not grant Plaintiff's motion for voluntary dismissal because to do so will allow Plaintiff to avoid the consequences of the Court's ruling on Defendant's motion to dismiss; requiring Plaintiff to file an amended complaint to address the deficiencies identified in the Report and Recommendation. Accordingly, Plaintiff's motion for voluntary dismissal will be denied.

**IT IS HEREBY ORDERED**:

1. Defendants' Partial Motion to Dismiss [Docket No. 24] is **GRANTED** in part and **DENIED** in part as follows: Dadkhah and Maassen's motion is

granted but Plaintiff is allowed 30 days in which to join Freightquote.com, Inc.; and if Plaintiff does not do so, Dadkhah and Maassen will be dismissed from the lawsuit; and Defendants' motion to dismiss Counts IV, V, and VI is granted without prejudice and Plaintiff is allowed 30 days to file an amended complaint to re-plead these counts; and

2. Plaintiff's Motion for Voluntary Dismissal [Doc. No. 68] is DENIED.

Dated: May 14, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court