UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

C.H. Robinson Worldwide, Inc.,

    Plaintiff,

v.

Traffic Tech, Inc., James
Antobenedetto, Spencer Buckley,
Wade Dossey and Brian Peacock,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 19-902 (MJD/DTS)

---

    Joel O'Malley, Katie M. Connolly and Nicole F. Dailo, Nilan Johnson Lewis, P.A., Counsel for Plaintiff.

    Pamela Abbate-Dattilo, Lukas S. Boehning and John P. Paveko, Fredrikson & Byron, P.A., Counsel for Defendant.

---

    This matter is before the Court on Defendants' Partial Motion to Dismiss. [Doc. No. 85]

**I.    Background**

    Plaintiff C.H. Robinson Worldwide, Inc. ("CHR") filed this action against former CHR employees and their current employer Traffic Tech, Inc. ("Traffic Tech")  CHR alleges six causes of action against Defendants, including breach of

contract and tortious interference with contract.  Before the Court is Defendants' second motion for partial dismissal.

In an Order dated May 14, 2020, this Court adopted the Report and Recommendation of United States Magistrate Judge David Schultz and dismissed Counts IV, V and VI without prejudice, finding that CHR had failed to provide "a short and plain statement" of the claims against each defendant with respect to confidential information each defendant had access to and if they misused such information, and as to the conspiratorial actions taken.  (Doc. Nos. 67 (R&R at 20) and 80.)  This Court granted CHR 30 days in which to file an Amended Complaint to address the noted deficiencies with respect to Counts IV, V and VI.  (Doc. No. 80.)

CHR filed its Amended Complaint on June 15, 2020.  (Doc. No. 81.)  In the Amended Complaint, CHR dropped its claims against two of the former employees, Maassen and Dadkhah, and added a single sentence in the "FACTS" section that refers to "Exhibit A to C.H. Robinson's Supplemental Answer to Defendants' Interrogatory No. 3."  (Am. Comp. ¶ 106.)

Defendants again move to dismiss Counts IV, V and VI.

II.     **Standard for Dismissal.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move the Court to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. In reviewing a motion to dismiss, the Court takes all facts alleged in the complaint to be true. Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Thus, although a complaint need not include detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Id. (citations omitted).

In deciding a motion to dismiss, the Court considers the complaint and "materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings. For example, courts may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (citations omitted). The Court must also consider documents incorporated into the complaint by reference. Tellabs, Inc. v. Makor Issues & Rights. Ltd., 551 U.S. 308, 322 (2007).

## III.  Analysis

### A.  Failure to Comply with Fed. R. Civ. P. 8

Rule 8(a)(2) provides that a pleading that state a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Count IV of the Amended Complaint alleges that the Ex-Employee Defendants, as a result of their employment with CHR, developed, used, received, and had knowledge of confidential information of CHR.  (Am. Comp. ¶ 140.)  CHR claims that such confidential information has independent economic value and is not generally known to persons outside CHR, and that CHR makes reasonable efforts to maintain the secrecy of its confidential information.  (Id. ¶¶ 141, 142.)  CHR alleges that the Ex-Employee Defendants wrongfully acquired, retained, disclosed and/or used confidential information of CHR without CHR's consent, including pricing information, carrier information, employee information, personnel information, compensation strategies and information, specific and non-public information about customer needs, preferences, buying history, capacity and other information, information about CHR services and the

relative strengths and weaknesses of CHR services compared to the services of Traffic Tech's other competitors.  (Id. ¶ 143.)

In Count V, CHR alleges that Defendants induced and aided and abetted each other to engage in conduct that they knew constituted a breach of contractual, statutory, common law and fiduciary obligations to CHR.  (Id. ¶ 150.)  Count VI alleges a conspiracy claim against Defendants, claiming they combined among themselves to accomplish unlawful purposes and/or to accomplish lawful purposes through unlawful means.  (Id. ¶ 155.)

Defendants argue that despite the previous orders which found CHR did not sufficiently plead Counts IV through VI against each Defendant, CHR simply amended the factual allegations by adding the following paragraph:  "The Ex-Employee Defendants wrongfully used C.H. Robinson's confidential information as described in Exhibit A to C.H. Robinson's Supplemental Answer to Defendants' Interrogatory No. 3."  (Id. ¶ 106.)  CHR did not attach this exhibit to the Amended Complaint.

The referenced exhibit is a chart that attempts to summarize each individual Defendant's alleged use of CHR's confidential information.  (Doc. No. 94 (Abbate-Dattilo Decl., Ex. I).)  The chart identifies a CHR customer, the name

of the individual Defendant alleged to have used confidential information, the confidential information alleged to have been used, and evidence of use, including deposition excerpts and other exhibits.  (Id.)

Defendants point out that neither the Amended Complaint nor the referenced chart allege that Defendants took actual documents from CHR, such as spreadsheets, customer lists or contact information.  Instead, the breach of confidentiality claims appear to be based solely on the notion that the individual Defendants remembered names and points of contact for specific customers they worked with at CHR.  Defendants further assert that in the aiding and abetting and conspiracy counts, Counts V and VI, CHR made no attempt to remedy the deficiencies identified by the Magistrate Judge in his Report and Recommendation by including additional factual allegations.

Defendants argue that incorporating by reference Exhibit A to C.H. Robinson's Supplemental Answer to Defendants' Interrogatory No. 3, CHR has not accomplished the directive of the Court to provide a short and plain statement of what confidential information was allegedly misappropriated and by whom.  Further, by not attaching these documents to the Amended Complaint, the Court must navigate a labyrinth of unattached Interrogatory

Answers, deposition transcripts, discovery documents and a privileged document that has been clawed back to determine the scope of the allegations.

In addition, CHR continues to allege its causes of action against all Defendants generally, rather than making specific allegations against specific Defendants. See Tatone v. SunTrust Mortg., Inc., 857 F. Supp.2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.")

CHR responds that incorporating by reference Exhibit A to its Supplemental Answers to Interrogatory No. 3, CHR has specifically provided notice of the alleged breaches by each individual Defendant. Further, reference to the exhibit provides notice of what CHR seeks to designate as confidential information, namely customer contact and historic needs and preference information. At this stage of the proceedings, the pleading standard is lower than what is necessary for the grant of an injunction or summary judgment. See Superior Edge, Inc. v. Monsanto Co., 964 F. Supp.2d 1017, 1042 (D. Minn. 2013).

The Court finds that the directive in the Report and Recommendation was clear: that CHR be given the opportunity to file an amended complaint and re-plead Counts IV through VI "with clarity and brevity." (Doc. No. 67 at 20.) Incorporating by referencing a chart that identifies over 40 CHR customers, and cites to Interrogatory Answers, deposition transcripts, discovery documents and a privileged document that has been clawed back to determine the scope of the allegations accomplishes neither clarity nor brevity. In addition, CHR made no attempt to clarify its aiding and abetting and conspiracy claims.

CHR alternatively asks that the Court order CHR to amend the complaint for the third time to insert the chart information into the complaint. However, CHR has already been given the opportunity to amend its complaint to properly state claims in Counts IV through VI. Where a "plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice." Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 439 (8th Cir. 1983). Accordingly, the Court will dismiss Counts IV, V and VI for failing to comply with Fed. R. Civ. P. 8.

In addition, as set forth below, the claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

B.     **Failure to State a Claim for Breach of Confidentiality.**

The elements of a claim of common law breach of confidentiality are basically the same as the common law version of misappropriation of trade secrets.  Reliastar Life Ins. Co. v. KMG Am. Corp., No. A05-2079, 2006 WL 2529760 at *3 (Minn. Ct. App. Sept. 5, 2006) (citing to Jostens, Inc. v. Nat'l Computer Sys, Inc., 318 N.W.2d 691, 701 (Minn. 1982)).  The elements of this claim are: 1) the alleged confidential information is not generally known or ascertainable; 2) the information provides a demonstrable competitive advantage; and 3) the information was subject to reasonable efforts to maintain its secrecy.  Crosstown Holding Co. v. Associated Banc-Corp., A05-2317, 2006 WL 2405835, at *9 (Minn. Ct. App. Aug. 22, 2006).  A plaintiff must also show that the information was improperly used or disclosed.  Jostens, Inc., 318 N.W.2d at 702.

As noted above, when deciding a motion to dismiss, the Court must consider the complaint in its entirety as well as documents incorporated into the complaint by reference.  Tellabs, Inc., 551 U.S. at 322.  In making the decision to "clarify" its claims by referencing Exhibit A to its Supplemental Answers to

Interrogatory No. 3, that exhibit is available for review on a motion to dismiss under Rule 12(b)(6), including the evidence referenced in that exhibit.

The Court finds that when considering the chart, together with the allegations in the Amended Complaint, it is clear that CHR has failed to sufficiently allege that the confidential information identified was not generally known or ascertainable. Instead, the chart simply identifies CHR customers that the individual Defendants had contact with after they began working for Traffic Tech. CHR does not, however, allege how the customer contact information identified "was not generally known or ascertainable."

For example, CHR alleges that Defendant Antobenedetto used its confidential information – best point of customer contact information and customer needs and preferences - about CHR customer Ballast Point. (Abbate-Dattilo Decl., Ex. I at 1.) In the deposition excerpt cited, however, Antobenedetto testified that Ballast Point contacted him when he joined Traffic Tech. (Id., Ex. A (Antobenedetto Dep. at 97-98).) Schiele Dep. Ex. 14 does not contradict this testimony. (Id. Ex. F at 1.)

With respect to customer Lee Kum Kee, the chart identifies TT000149_0001 and Schiele Dep. Ex. 14 as evidence Antobenedetto used confidential information

10

– best point of contact based on prior relationship with CHR  - to establish business with this customer.  (Id. Exs. F and H.)  TT000149_0001 is an email from Dax Carlos at Lee Kum Kee asking Antobenedetto for information from Traffic Tech in order to set Traffic Tech up as a vendor in its system.  (Id. Ex. F.)  The reference to Schiele Dep. Ex. 14 shows that Antobenedetto reached out to Carlos on August 6, 2018.  (Id. Ex. F at 16.)  This same exhibit, however, demonstrates that another Traffic Tech employee spoke with Carlos on July 9, 2018, evidencing the fact that others had access to Carlos' contact information.  (Id.)

Further, CHR alleges that Antobenedetto knew and used confidential information for CHR customers Healthypets Inc., Integrity Mold and Space Design & Display Inc.  (Abbate-Dattilo Decl., Ex. I at 3, 4 and 8.)  The deposition excerpt cited shows that Antobenedetto obtained the contact information for these customers from a third-party database called Hoovers.  (Abbate-Dattilo Decl., Ex. A (Antobenedetto Dep. at 63, 102 and 105).)  Since this information was readily available, CHR cannot claim it as a basis for breach of confidentiality.  See Katch, LLC v. Sweetser, 143 F. Supp. 3d 854, 868 (D. Minn. 2015) ("Information which is generally known to the public or within industry, or is readily ascertainable, is not a trade secret."); Reliastar Life Ins. Co., 2006 WL 2529760 at

\*4  (noting that customer lists are generally not deemed trade secrets and that it is plaintiff's responsibility to specify the precise information that it claims to be a trade secret).

The same is true for the claims against the other individual Defendants. The fact these individual Defendants contacted employees of CHR customers, without providing factual allegations which show such contact information is not otherwise known or ascertainable, does not state a claim for breach of confidentiality.

Accordingly, the Court finds that CHR has failed to state a claim for breach of confidentiality because CHR failed to sufficiently allege that Defendants used information that is not generally known or ascertainable.  Dismissal of this claim is therefore warranted under Rule 12(b)(6).

    C.    **Failure to State a Claim of Aiding and Abetting and Conspiracy**

The elements of a claim of aiding and abetting tortious conduct of another are: "1) the primary tort-feasor must commit a tort that causes an injury to the plaintiff; 2) the defendant must know that the primary tort-feasor's conduct constitutes a breach of duty; and 3) the defendant must substantially assist or encourage the primary tort-feasor in the achievement of the breach." <u>Sorin</u>

Group USA, Inc. v. St. Jude Med. S.C., Inc., 176 F.Supp.3d 814, 832 (D. Minn. 2016). The elements of knowledge and substantial assistance are evaluated in tandem. Witzman v. Lehrman, Lehrman & Flom, 601 N.W.2d 179 (Minn. 1999).

> Thus, "where there is a minimal showing of substantial assistance, a greater showing of scienter is required." Whether the requisite degree of knowledge or assistance exists depends in part on the particular facts and circumstances of each case. Factors such as the relationship between the defendant and the primary tortfeasor, the nature of the primary tortfeasor's activity, the nature of the assistance provided by the defendant, and the defendant's state of mind all come into play.

Id. (citations omitted).

In the Report and Recommendation adopted by this Court, the Magistrate Judge noted that the complaint did not provide facts to provide "a 'short and plain statement' of the particular claims against each Defendant with respect to the confidential information he had access to and allegedly misused, or the conspiratorial actions he allegedly performed and with whom, or who or what he induced, aided, and/or abetted for an unlawful purpose or in an unlawful manner." (Doc. No. 67 (R&R at 20).) In the Amended Complaint, CHR added no factual allegations to its aiding and abetting claim.

The Amended Complaint contains no factual allegations that support the assertion that the Defendants engaged in substantial assistance of each other's

breaches or had knowledge of each other's unlawful conduct. Federal pleading requirements do not require detailed factual allegations "but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Tatone, 857 F. Supp.2d at 832 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Accordingly, CHR has failed to state a claim for aiding and abetting tortious conduct of another.

### D. Failure to State a Claim for Civil Conspiracy

The conspiracy claim is subject to dismissal for the same reasons. When amending its complaint, CHR added no new factual allegations for this claim. CHR must allege "sufficient facts to allow a reasonable inference that defendants agreed to accomplish an unlawful purpose and took concerted actions to achieve that purpose." Id. at 838-89. "The mere existence of a combination of persons acting in concert is insufficient to establish civil conspiracy." Am. Computer Trust Leasing v. Jack Farrell Implement Co., 763 F. Supp. 1473, 1489 (D. Minn. 1991) (citing Harding v. Ohio Casualty Ins. Co., 230 Minn. 327, 337, 41 N.W.2d 818, 825 (1950).

As the claim has already been deemed deficient, and because CHR has not provided additional factual allegations to support the claim, CHR has failed to state a claim of civil conspiracy.

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Doc. No. 85] is **GRANTED.**   Counts IV, V and VI are **DISMISSED WITH PREJUDICE.**

Date:   September 17, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court
